FILED
United States Court of Appeals
Tenth Circuit

February 6, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

---

JOSEPH MACASTLE JACKSON,

     Petitioner - Appellant,

v.

RON CHAMPION, Warden,

     Respondent - Appellee.

No. 12-5160
(D.C. No. 4:88-CV-01470-JHP)
(N.D. Okla.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

Petitioner Joseph Macastle Jackson, an Oklahoma state prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his motion for relief from judgment. Fed. R. Civ. Pro. 60(b). The district court found the motion to be a "'mixed' Rule 60(b) motion because it contains both a true Rule 60(b) claim and second or successive habeas claims." Jackson v. Champion, No. 88-cv-1470-JHP, 2012 WL 4069262, at *1 (N.D. Okla. Sept. 14, 2012). Addressing the merits of the true Rule 60(b) motion, the district court held that Mr. Jackson was not entitled to relief. The court also dismissed the successive habeas claims for lack of jurisdiction. We deny a COA and dismiss the appeal.

We agree that Mr. Jackson's Rule 60(b) motion is "mixed." First, Mr. Jackson argues that the Northern District of Oklahoma was not a proper venue for his original habeas petition, filed in 1988. This is a "true" Rule 60(b) ground, as it challenges a procedural aspect of the case. Thus, the district court properly addressed the merits of this claim separately from the successive habeas grounds. Spitznas v. Boone, 464 F.3d 1213, 1217 (10th Cir. 2006).

We will only issue a COA if Mr. Jackson shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 1225 (quotation omitted). We conclude that reasonable jurists could not debate the district court's decision to deny Mr. Jackson's Rule 60(b) motion, which was clearly without merit. See 28 U.S.C. § 2241(d).

We also agree that Mr. Jackson's remaining grounds are properly considered successive habeas claims, as they assert or reassert bases for relief from his underlying conviction. See Gonzalez v. Crosby, 545 U.S. 524, 530–32 (2005). As such, the district court lacked jurisdiction to hear the claims without prior authorization from this circuit. See Burton v. Stewart, 549 U.S. 147, 157 (2007). Further, the district court did not abuse its discretion in choosing to dismiss rather than transfer the unauthorized claims, see In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008), especially in light of Mr. Jackson's filing

- 2 -

restrictions.  <u>Jackson v. Dinwiddie</u>, No. 06-6323 (10th Cir. Dec. 14, 2006).

We therefore DENY the requested COA and DISMISS the appeal.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge